

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-14-2008

# Radocesky v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4011

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Radocesky v. Comm Social Security" (2008). *2008 Decisions.* Paper 651.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/651

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No:  07-4011

NICHOLAS RADOCESKY,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY,

Appellee

Appeal from the United States District Court
for the Middle District of Pennsylvania
(06-CV-01073)
District Court: Hon. William W. Caldwell

Submitted July 25, 2008
Pursuant to Third Circuit LAR 34.1(a)

Before: McKEE, FUENTES, WEIS, Circuit Judges,

(Filed : August 14, 2008)

OPINION OF THE COURT

McKee, *Circuit Judge*.

Nicholas Radocesky appeals the order of the District Court affirming the Commissioner of Social Security's final decision to deny his application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. 1381-1383(f). For the following reasons, we will vacate the order of the District Court, and remand with instructions to remand the matter to the Commissioner for further proceedings.

## I.

Inasmuch as we write only for the parties, we need not recite the factual or procedural background of this dispute. Radocesky applied for SSI benefits claiming total disability due to organic brain syndrome, post-concussion disorder, orthopedic difficulty, and motor skill problems. Radocesky claims that he became unable to work as a result of a motor vehicle accident, in which he sustained abdominal, pelvic, and head injuries, including a contusion of the right frontal lobe. Radocesky's application was initially denied, and a hearing was convened before an Administrative Law Judge. After the hearing, the ALJ held the record open for ten days so he could receive more evidence from one of Radocesky's cognitive therapists. On the tenth day, Radocesky sent a 25 page facsimile to the ALJ. The cover letter to the facsimile stated that the 25 pages included records from the cognitive therapist, records from Radocesky's neuropsychologist, a letter from one of Radocesky's former supervisors, and a Mental Functional Capacity Evaluation (MFCE) from Radocesky's neurosurgeon, Dr. V.D. Dhaduk. The ALJ marked page 2 of the cover letter, the records from the cognitive

therapist and the records from the neuropsychologist as one exhibit in the record. Neither the MFCE nor the letter from the supervisor were included as part of the record.

On appeal, Radocesky contends that the Administrative Law Judge erred because he did not consider the MFCE from Dr. Dhaduk. The government contends that the Radocesky cannot prove that the twenty five page facsimile he transmitted to the ALJ included the MFCE from Dr. Dhaduk. As the government puts it, the evidence that twenty five pages was transmitted to the ALJ does not demonstrate that the MCFE was included within the 25 pages.

In light of the parties' positions, we conclude that the most logical resolution is a remand to the ALJ for clarification as to whether the ALJ received the MCFE from Dr. Dhaduk, and if it was received, an explanation as to why the MCFE was not included as part of the record. We will therefore vacate the order of the District Court and remand to the District Court to, in turn, remand the matter to the Commissioner for further proceedings consistent with this opinion.